```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ARTHUR SALM,

                Movant,             MEMORANDUM & ORDER
                                    08-MC-0124 (JS)
        -against-

NATIONAL LABOR RELATIONS BOARD,

                Respondent.
----------------------------------X
APPEARANCES:
For Movant:         Arthur Salm, pro se
                    1444 Paslay Place
                    Manalapan, Florida 33462

For Respondent:     Aggie Kapelman, Esq.
                    National Labor Relations Board
                    Two Metrotech Center, 5th Floor
                    Brooklyn, NY 11201
```

SEYBERT, District Judge:

On January 13, 2009, this Court denied Arthur Salm's ("Movant" or "Salm") first motion to quash an administrative subpoena issued by the National Labor Relations Board ("NLRB" or "Respondent"). On March 16, 2009, this Court denied Salm's second motion to quash a nearly identical subpoena issued by NLRB. On June 15, 2009, Salm filed a third motion to quash another nearly identical subpoena issued by NLRB. For the reasons stated below, Movant's third motion to quash is DENIED, and NLRB's motion for sanctions is DENIED.

## BACKGROUND

On March 23, 1993, the NLRB issued a Decision and Order ("NLRB Order") finding that Domsey Trading Corporation, Domsey Fiber Corporation, and Domsey International Sales Corporation

(collectively, "Domsey") committed unfair labor practices in violation of the National Labor Relations Act ("Act"), 29 U.S.C. § 151, et seq. Salm was the Chief Executive Officer of Domsey. The NLRB Order directed Domsey to reinstate discriminatees and make them whole for any loss of earnings or other benefits suffered. On February 18, 1994, the United States Court of Appeals for the Second Circuit entered a judgment affirming the NLRB Order. See Domsey Trading Corp. v. NLRB, 16 F.3d 517 (2d Cir. 1994).

On September 30, 2007, the NLRB issued a Supplemental Decision and Order addressing the amount of backpay due to 202 discriminatees, and on September 25, 2008, the NLRB issued a Second Supplemental Decision and Order. The two orders state that Domsey owes the NLRB $2,099,724.14, consisting of $914,784.35 in backpay and $1,184,939.79 in accrued interest as of October 1, 2008. The NLRB argues that Domsey has failed to provide any proof that it holds sufficient assets to pay their liability under the Orders.

As part of its investigation, the NLRB discovered that Domsey's primary place of business, located at 431 Kent Avenue, Brooklyn, New York, was sold on or about January 9, 2002. Domsey Trading deposited funds from the proceeds of the sale into its account at North Fork Bank. Thereafter, Salm allegedly signed and issued several checks against the Domsey Trading bank account. NLRB believes that Salm issued one check to himself in the amount of $3,262,966.21, and deposited this check into his personal bank

2

account at North Fork Bank, which is now closed.  The NLRB previously issued a subpoena for Salm's personal accounts at North Fork Bank, which Salm moved to quash.  The Court denied Salm's motion to quash on January 13, 2009, finding that the subpeona touched upon a matter under investigation by the NLRB.

The NLRB also believes that Salm transferred some of the funds in the North Fork account into a Merrill Lynch account, with an account number of 89139G03.  The NLRB issued a subpoena to Merrill Lynch for documents related to account number 89139G03, which Salm also moved to quash.  The Court denied Salm's motion, finding that, like the North Fork subpoena, the documents sought by the Merrill Lynch subpoena touched upon the NLRB's investigation.

NLRB now believes Salm transferred all the assets in the 89139G03 Merrill Lynch account to Merrill Lynch account 5AV-16219.  Thereafter, Salm allegedly transferred approximately $6.8 million in securities from account #5AV-16219 to Merrill Lynch account #5AV11853.

On June 9, 2009, the Board issued a subpoena for documents pertaining to all of Salm's personal accounts at Merrill Lynch for the period March 31, 2004 to the present.  On June 15, 2009, Salm filed a motion to quash this most recent Merrill Lynch subpoena pursuant to the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410.  According to Salm, the NLRB is on a "witch hunt" and "has no legal course to these records."

DISCUSSION

I.  The Motion to Quash

Pursuant to the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3405, "[a] Government authority may obtain financial records . . . pursuant to an administrative subpoena or summons otherwise authorized by law only if (1) there is reason to believe that the records sought are relevant to a legitimate law enforcement inquiry . . . ."

Under the RFPA, a court must deny a motion to quash unless the movant can show some factual basis supporting the movant's argument that the records sought are not relevant to a legitimate law enforcement inquiry. See Fleming v. SEC, No. M-29, 1996 U.S. Dist. LEXIS 16846, at *2 (S.D.N.Y. Nov. 13, 1996); Hancock v. Marshall, 86 F.R.D. 209, 211 (D.D.C. 1990). Moreover, the movant "has the initial burden of presenting a prima facie case that government access to his financial records would be improper." Panaro v. United States SEC, No. 86-CV-4122, 1987 U.S. Dist. LEXIS 16810, at *3-4 (E.D.N.Y. Aug. 4, 1987) (internal citations omitted). To quash the subpoena, there must be more than simple conclusory allegations of irrelevancy. Id. at *4. The question of relevancy with respect to administrative subpoenas is broad. See Brooklyn Manor Corp./Brooklyn Manor Home for Adults v. NLRB, No. 99-MC-117, 1999 U.S. Dist. LEXIS 16310, at *7 (E.D.N.Y. Sept. 22, 1999) ("So long as the material requested touches a matter under

4

investigation, an administrative subpoena will survive a challenge that the material is not relevant.") (internal quotations omitted).

In its January 2009 Order, the Court found that the documents sought by the NLRB are relevant to a legitimate law enforcement inquiry and more than touched upon a matter under investigation.  That finding was reiterated in the Court's March 2009 Order.  Now for a third time, that finding is applicable.  The NLRB has the authority to require corporations guilty of unfair labor practices to pay backpay to its discriminatees.  The NLRB already found that Domsey committed unfair labor practices, and thus must make certain payments to its discriminatees.  Because Domsey may be insolvent, the NLRB may conduct an investigation to determine whether Salm improperly diverted $3.26 million from one of Domsey's accounts into his personal account.  Similarly, the NLRB may also investigate whether Salm moved the assets from his personal account into the Merrill Lynch accounts, and moved assets within the various Merrill Lynch accounts.  Thus, for the same reasons set forth in the Court's January and March 2009 Orders, the Court finds the most recent Merrill Lynch subpeona touches upon a matter under investigation, and the motion to quash must be denied.

II. <u>Attorneys' Fees</u>

The NLRB argues that it is entitled to attorneys' fees because Salm filed this third motion to quash solely to delay the NLRB's investigation.  According to the NLRB, the second Merrill

Lynch subpeona is nearly identical to the North Fork subpoena and the first Merrill Lynch subpoena, and thus Salm was on notice that the Court would deny his third motion to quash.

As the Court clearly stated in its March Order, "any additional motions to quash based upon identical or nearly-identical subject matter may be grounds for sanctions, such as an award of attorney's fees for NLRB." Salm v. Nat'l Labor Relations Bd., No. 08-MC-0124 (E.D.N.Y. Order dated Mar. 16, 2009). Movant's pending motion is identical to his two previous motions, and is frivolous. Nonetheless, given Movant's pro se status, the Court will decline to award attorneys' fees at this time. However, the Court warns Movant that it will award sanctions if Movant files a fourth frivolous motion to quash. This is the Court's final warning to Movant.

## CONCLUSION

For the reasons stated above, Movant's motion to quash is DENIED, and NLRB's motion for attorneys' fees is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: July  20 , 2009
       Central Islip, New York